## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

SECRETARY OF LABOR,  
UNITED STATES DEPARTMENT OF LABOR,  :

      Plaintiff,

      v.                    :    Civil Action No. _____

RPG ENTERPRISES, LLC d/b/a PLANET  
DIRECT MAIL, and RYAN GUTMAN,  
individually and as Owner of RPG  
ENTERPRISES, LLC and OWEN LAWSON,  
individually and as Owner of RPG  
ENTERPRISES, LLC,

      Defendants.

### COMPLAINT

Plaintiff, R. Alexander Acosta, Secretary of Labor, United States Department of Labor

("Plaintiff"), brings this action to enjoin RPG Enterprises, LLC d/b/a Planet Direct Mail and Ryan

Gutman, individually and as President and Owner of RPG Enterprises, LLC and Owen Lawson,

individually and as Owner of RPG Enterprises, LLC (hereinafter "the Defendants") from violating the

provisions of Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as

amended (29 U.S.C. § 201, et seq.), hereinafter referred to as "the Act," and for a judgment against

Defendants in the total amount of back wage compensation found by the Court to be due to any former

or current employees of Defendant pursuant to the Act and for liquidated damages in an amount equal to

the back wages found due to the employees.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16(c) and 17 of the Act, 29

U.S.C. §§ 216(c) and 217, and by 28 U.S.C. §§ 1331 and 1345.

II.

Defendant RPG Enterprises, LLC d/b/a Planet Direct Mail ("RPG Enterprises") is, and at all times hereinafter referenced was, a corporation with a place of business at 7251 Coppermine Drive, Manassas, VA, 20109 which is within the venue and jurisdiction of this Court.  This Defendant is an envelope, paper, and printing distributor.

III.

Defendant Ryan Gutman is and, at all times hereinafter referenced, was the owner and President of RPG Enterprises.  Defendant Gutman does, and at all times hereinafter mentioned did, business in Springfield, VA as he oversees the daily operation of the business located at 7251 Coppermine Drive, Manassas, VA, 20109, which is within the venue and jurisdiction of this Court. Defendant Gutman is actively involved in the day to day operations of the company, has the ability to hire and fire employees, and sets rates of pay accordingly. Defendant Gutman has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

IV.

Defendant Owen Lawson is and, at all times hereinafter referenced, was the owner and Chief Technology Officer of RPG Enterprises.  Defendant Lawson does, and at all times hereinafter mentioned did, business in Springfield, VA as he oversees the daily operation of the business located at 7251 Coppermine Drive, Manassas, VA, 20109, which is within the venue and jurisdiction of this Court. Defendant Lawson is actively involved in the day to day operations of the company, has the ability to hire and fire employees, and sets rates of pay accordingly. Defendant Lawson has acted directly or indirectly in the interest of the company in relation to their employees at all times relevant herein, and meets the definition of an employer under Section 3(d) of the Act.

V.

1.      At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the Act, in that Defendants have been, through unified operation or common

control, engaged in the performance of related activities for a common business purpose. These activities constituted (and/or were related to) the providing of event catering services, in furtherance of the business purposes of Defendants' unified business entity.

2.     At all times relevant herein, Defendants have had employees engaged in commerce or in the production of goods for commerce, including employees handling or otherwise working on goods or materials, such envelopes, paper, and printing products that have been moved in or were produced for commerce. Certain paper products were ordered from Lindenmeyr Munroe, located across state lines in Hanover, Maryland. Further at all times relevant herein, Defendants have had an annual gross volume sales made or business done of not less than $500,000, thereby affording coverage over all their employees pursuant to Section3(s)(1)(A) of the Act.

VI.

1.     During the period from September 25, 2014 through September 22, 2017 ("the investigative period") and continuing through the present time, Defendants employed individuals as production workers. The employees listed in the attached Schedule A were and are primarily employed by the Defendants to work in the envelope, paper, and printing distribution industry (collectively referred to hereinafter as "Employees") since September 25, 2014, which is the time period covered by this Complaint. Many of the Employees frequently and on a recurrent basis worked on average 50 to 55 hours per work week and on occasion up to 70 hours per workweek during the investigative period.

2.     During the investigative period, Defendants paid the Employees on an hourly rate basis for work performed, including those hours worked in excess of 40 in a work week. These rates ranged from $7.25 to $20.00 per hour. Throughout the investigative period, Defendants failed to pay Employees premium overtime pay at one and one-half their regular rates of pay when Employees worked over 40 hours in a workweek. As such, Defendants did not compensate Employees in accordance with Section 7 of the Act as Employees did not receive premium overtime pay for hours worked over 40 in a workweek. Additional premium pay is due for hours worked in excess of 40 in a workweek. The amount of weekly overtime payment owed to each Employee varies depending on the

workweeks and the number of hours each Employee worked during the period covered by this Complaint.

VII.

As described in Paragraph VI, above, during the investigative period and continuing through the time period covered by this Complaint, the Defendants violated the provisions of Sections 7 and 15(a)(2) of the Act by not compensating Employees for work performed in excess of 40 hours per week at rates not less than one and one-half times the regular rates at which they were and are employed.

VIII.

As a result of the violations alleged in Paragraphs VI through VII above, amounts are owed for hours worked that were paid at rates less than the rates set forth in Section 7 of the Act for the Employees named in Schedule A attached to Plaintiff's Complaint. Additional amounts may be due to other employees employed by Defendants during the time period covered by this Complaint (and continuing up to the time Defendants demonstrate that they came into compliance with the Act) whose identities are not now known to the Plaintiff.

IX.

1.  The Defendants did not display a copy of the Fair Labor Standards Act poster in both English and Spanish for employees working with machinery and for the office staff.

2.  The Defendants have admitted they did not display a copy of the Fair Labor Standards Act poster in both English and Spanish for employees working with machinery and for the office staff.

3.  The Defendants misclassified employees as independent contractors, which resulted in recordkeeping violations for failing to make, keep, and preserve adequate and accurate records for employee wages and hours.

4.  During the investigative period, Defendants have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to display a copy of the Fair Labor Standards Act and for failing to make, keep, and preserve adequate and accurate records of many of its employees' wages, hours and other conditions of their employment, as prescribed by the

regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516.

X.

By their actions and omissions described in the preceding paragraphs, Defendants willfully violated Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act, in that they demonstrated a conscious decision not to comply with the Act and/or a reckless disregard for whether their conduct was prohibited by the Act. Although Defendants did not pay the employees identified at Schedule A time and one-half for overtime hours worked over 40 in a workweek, Defendants did pay premium rate wages to other production workers who worked side-by-side and in conjunction with the employees identified in Schedule A. Other employees of Defendants, including office staff, were properly paid premium rate wages for overtime hours worked. Since Defendants knew of their obligations to pay time and one-half for overtime hours worked, but failed to do so, the violations are willful.

XI.

During the investigative period, Defendants continually and willfully violated the provisions of the Act as alleged in Paragraphs VI through X above. A judgment permanently enjoining and restraining the violations herein alleged (including restraining of withholding of overtime compensation) is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

XII.

A judgment granting recovery of said amounts referred to in Paragraph VIII, together with an equal additional amount as liquidated damages, is specifically authorized by Section 16(c) of the Act.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against the Defendants as follows:

1.      For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2.      For an Order pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due Employees and for liquidated damages equal in amount to the unpaid compensation found due Employees listed in the attached Exhibit A.  Additional overtime compensation and/or liquidated damages may be owed for the time period covered by this Complaint to certain present and former employees who were or continue to be employed by Defendants whose identities are unknown to the Plaintiff;

3.      In the event liquidated damages are not awarded under Section 16(c) of the Act, for an Order pursuant to Section 17 of the Act enjoining and restraining Defendants and Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from withholding payment of overtime compensation found due Employees and pre-judgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621;

4.      For an Order awarding Plaintiff the costs of this action; and

5.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

Kate S. O'Scannlain
Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

Samantha N. Thomas
Associate Regional Solicitor

Pollyanna E.F. Hampton
Senior Trial Attorney


/s/Karen Barefield
Karen Barefield
Attorney
Bar No. 42572
Office of the Regional Solicitor
201 12th Street South
Arlington, VA 22202-5450
Phone (202) 693-9370
Fax (202) 693-9392
Barefield.karen@dol.gov

U.S. DEPARTMENT OF LABOR
Attorneys for Plaintiff

## Schedule A

| Last Name | First Name |
|---|---|
| Adany | Mendez |
| Aguilar | Jose |
| Albarenga | Julissa |
| Antillon | Rosa |
| Aviles | Jose |
| Ballesteros | Paulo Andres |
| Barrera | Lucrecia |
| Benavides | Maria |
| Borja | Tatiana |
| Card | Dan |
| Chicas | Josselyn |
| Condori-Supo | Roberto |
| Constanza | Dorca |
| Constanza | Mirtala |
| Constanza | Roselva |
| Cubias | Karen |
| Diaz | Carlos |
| Diaz | Jacqueline |
| Diaz | Lourdes |
| Dionisio-Arroyo | Manuela |
| Dominguez | Sara |
| Dominguez | Osualdo |
| Dominguez | Osualdo |
| Dominguez-Dionisio | Victor |
| Dominguez-Quiroz | Lilia |
| Flores | Adam |
| Flores | Edmundo |
| Flores | Hector |
| Flores | Romualdo |
| Gavarrete | Nora |
| Giraldo Vasquez | Juan Carlos |
| Giron | Ivan |
| Giron-Escobar | Marleny |
| Guerrero | Isaias |
| Hernandez | Jhonatan |
| Hernandez-Quiroz | Adriana |
| Izaguirre | Diana |
| James | Pete |
| Jiminez | Madelyn |
| Josabet Mejia | Karin |
| Madrid | Leidy |
| Martinez | Nathaly |
| Martinez-Aviles | Juan Carlos |

| | |
|---|---|
| Mejia-Lotano | Carmen |
| Mendez | Abel |
| Mendez | Elsy |
| Molina | Adriana |
| Monsalve | Maria |
| Nguyen | Kristina |
| Nguyen | Son |
| Olarte | Luz |
| Orozco | Juan |
| Orozco | Nelson |
| Ortiz | Marlen |
| Pineda | Gabriela |
| Pineda | Kensey |
| Pineda-Dominguez | Noemy |
| Pino-Perez | Angela |
| Ramirez | Darlyng |
| Ramirez | Maria |
| Ramos-Olivares | Lilia |
| Ribera-Amaya | Blanca |
| Rivas | Nuvia |
| Rodriguez | Edubina |
| Rodriguez | Raina Guadalupe |
| Simpson | Samuel |
| Tacachi | Aurelia |
| Thi Nguyen | Thu Hang |
| Van-Tran | Tho |
| Vargas Tardio | Sergio |
| Vigil | Tania |
| Villa-Pino | Yecenia |
| Yanes | Sergio |
| | |